# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DORA BLACK,  )
 )
    Plaintiff,  ) No. 14-1258
 )
v.  )
 )
CAROLYN W. COLVIN,
Commissioner of Social
Security,

    Defendant.

## OPINION AND ORDER

### SYNOPSIS

Plaintiff filed applications for social security and disability benefits pursuant to Titles II and XVI of the Social Security Act, alleging disability due to various physical and mental impairments. Plaintiff's application was denied initially, and upon hearing before an Administrative Law Judge ("ALJ"). The Appeals Council denied her request for review. Before the Court are the parties' cross-motions for summary judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

### OPINION

#### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. PLAINTIFF'S MOTION

Presently, Plaintiff contends that the ALJ applied an incorrect standard in failing to assess her global functioning assessment ("GAF") scores, and dealt improperly with the medical opinion of record.

### A. GAF Scores

Although the GAF scores do not have a direct correlation to the severity requirements used for disability determinations, GAF scores constitute relevant medical evidence that "must be addressed by an ALJ in making a determination regarding a claimant's disability." Colon v. Barnhart, 424 F. Supp. 2d 805, 812 (E.D. Pa. 2006); 66 Fed. Reg. 50764-5 (2000).

> The GAF is only a snapshot opinion about the level of functioning. It is one opinion that we consider with all the evidence about a person's functioning. Unless the clinician clearly explains the reasons behind his or her GAF rating, and the period to which the rating applies, it does not provide a reliable longitudinal picture of the claimant's mental functioning for a disability analysis.

Kroh v. Colvin, 2014 U.S. Dist. LEXIS 122900, at *53 (M.D. Pa. Sept. 4, 2014).

Thus, a failure to refer to or rely on GAF scores, even if those scores are similar, is not necessarily error. Rios v. Comm'r of Soc. Sec., 444 Fed. Appx. 532, 534-35 (3d Cir. 2011). This is particularly true if the mental health provider's report does not relate the score to specific limitations, or explain the basis for the GAF rating, or if the ALJ discussed the records where the GAF scores were provided. See Gilroy v. Astrue, 351 F. Appx. 714, 715-16 (3d Cir. 2009); Shamonsky v. Comm'r of Soc. Sec., 2011 U.S. Dist. LEXIS 80853, *19 (W.D. Pa. July 25, 2011). Moreover, "[a]n ALJ's failure to include a GAF score in his or her discussion is considered to be harmless error where a claimant has not explained how the GAF score would have itself satisfied the requirements for disability in light of potentially contradictory evidence on record." Bracciodieta-Nelson v. Commr. of Soc. Sec., 782 F. Supp. 2d 152, 165 (W.D. Pa. 2011).

Here, the record contains four GAF scores, three of which were assigned by Plaintiff's therapist, and one of which was assigned by the one-time consulting examiner. The scores ranged from 45 to 55. The ALJ expressly considered the records containing the GAF scores, including the consultative exam and the therapist's notes. He also noted, correctly, that

3

Plaintiff's therapist did not qualify as an "acceptable medical source" for disability purposes. Moreover, as the ALJ's discussion of the GAF scores suggests, the providers did not tie the GAF scores to any specific limitation relevant to Plaintiff's residual functional capacity. Accordingly, the ALJ considered the pertinent records and explained his approach to those records.

I take separate note of the ALJ's discussion of his belief, derived in part from cases other than that before him, that GAF scores are generally entitled to limited weight. It would be improper for an ALJ to issue a ruling solely based on such a belief, or on instances involving claimants other than the one before him. Moreover, a ruling on such grounds would also be inconsistent with the principle that GAF scores are competent medical evidence to be considered. The inclusion of this discussion is unfortunate, because it casts doubt on the ALJ's fidelity to the record evidence before him, and to the applicable law. Nonetheless, in this case, it is clear that the ALJ did not rule, at least not solely, on improper grounds. He stated that he considered the GAF scores "within the treatment record" – <u>i.e.</u>, in the matter before him – and gave them little weight after determining that they were based completely on Plaintiff's subjective complaints and statements at a particular time. As discussed <u>supra</u>, it is apparent that he did not disregard the records containing those GAF scores. This approach is not inappropriate. Under the circumstances present here, despite the dicta about the ALJ's perspective on GAF scores, I find no grounds for remand or reversal.

### B. Medical Evidence

Next, Plaintiff challenges the ALJ's rejection of the opinion of her treating therapist and the agency consulting examiner. To the extent that Plaintiff asserts that her therapist should have received "treating physician" deference, I reject that argument. Plaintiff does not specify how

4

the ALJ erred in his treatment of Ms. Campbell and Dr. Carosso, but I have reviewed the record and the ALJ's opinion, and the ALJ considered the pertinent records and explained his treatment of those records. I find no error in that regard.

## CONCLUSION

In sum, I will affirm the ALJ's decision. Defendant's Motion for summary judgment will be granted, and Plaintiff's denied. An appropriate Order follows.

## ORDER

AND NOW, this 16th day of April, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Summary Judgment is denied, and Defendant's granted.

BY THE COURT:

___s/Donetta W. Ambrose_____

Donetta W. Ambrose

U.S. District Court